Lenape Regional High School? Good morning, Your Honors, Jamie Epstein for the appellants and the child's name is Matthew. I think the easiest way to look at this case is that neither the district court, the administrative court, nor Lenape High School District has argued or taken the position that the complaint gave them insufficient notice of what the complaint was about regarding this child. Is that the test, has to give sufficient notice? I mean, there are specific requirements as to what has to be in it and you were advised once that it wasn't enough and then filed the same complaint. Well, both complaints were based on the proper removal federal regulation which is cited in the footnote of both complaints. Well, why was he removed? What was going on here? If you receive this, you really have no idea what this case is about. Well, it's an improper removal if he's removed for over 10 days in the school year. That's what the regulation says. Okay, it's an improper removal, but what happened? It says facts of the case. Isn't that what you have to put in here is the fact? My reading of the regulation is that it's a per se improper removal. If it's over 10 days or more or a series of removals, it constitutes a change in placement and it's a unilateral change in placement under the law. So it's a stay put provision that you're arguing? It's stay put when we go to court over it. Okay. They don't have authority to do that. If they want to do that, they need to get a court order. Is there any exception to the 10 day suspension? Yes. Weapons or bringing drugs onto the school property. Does this address that? Is that what the suspension was for? The suspension was not for that. What was the suspension for? The school took the position that he was under the influence of marijuana at school in the last suspension. According to you, should that not have been in this letter? It's it's my position that it didn't have to be in there because your honor, all all three, the district itself, the district itself, one of the high school district administrative judge, the district judge never looked at this case from what let it be needed to know in order to have adequate notice of this complaint. None of them did. None of them in any of their decisions or their positions took that position. They said we didn't comply with this statute. It's not strictly a notice requirement. It's different than traditional pleading kinds of concepts. It's not a due process notice inquiry, but it's a statutory inquiry to see whether or not you complied with the statutory requirements for pleading, not whether or not they got notice from your pleading. You have to ABCD and E. It may well be that you can do A and B and they will know what CD and E are, but unless you do A and B haven't satisfied the pleading requirement. OK, the next there should be no issue on whether I gave him proper notice of the remedy or whether they should have gotten gotten proper notice. Let the high school district should have gotten proper notice of what the remedy is. It's laid out. It's in five parts. The notice of what the problem was was that there was a series of removals exceeding 10 days in the school year. This district, well any district, but in this district in particular, were intimately familiar and had affirmative duty to know what was going on with this child, to provide him with an appropriate education. He was a special ed student to provide him with an IEP, to provide him with goals and objectives, and to be totally familiar with, not totally, but to have evaluated him and known what those evaluations said. This defendant, under no set of circumstances, could be inferred to not have adequate notice of what the problem was, that they suspended him numerous times, exceeding 10 days, that they did it unilaterally. Let me understand your 1983 action, which is before us also. I don't get that at all. We said in A.W. you couldn't use 1983 to pursue an IDEA action. This was decided before A.W., but the district court was right. I don't understand what the nature of your 1983 complaint is. Well, the 1983 was based on the allegation that on the first due process that he was under a 10-day suspension. And when we got dismissed, we filed the second one. And in between, the school wouldn't let him come back. So we said that they retaliated against him for exercising his rights to due process by filing the second complaint. That was what our 1983 was based on. What is it that you want the school district to do if you were to win and this were to go back? What is it that you want? Well, it's been a year and a half, but Matthew certainly needs the compensatory education for the educational services he's lost in the year and a half. The letter was for those 10 days. No, it was for the total 30 days. So a year and a half later, what would that fix it? He needs compensatory education. He's way, way behind the 30 days. And that was the basis of the complaint, to get the compensatory education for the days that he missed. He's still enrolled in the school? He's still enrolled in the school. But I mean, that's for when we go back to court, if we can get back to court and have them look at what he needs to be up to where he should be. And how old is he now? He's 18. So I think the panel is well aware that there's no authority. This is a new statute that for the previous 25 years, there was no requirement. There was no subject to dismissal. This is a new thing. And that your decision will guide hundreds of petitions that are filed every day and perhaps guide hundreds of challenges by schools that are may or may not be filed every day. Thank you. Thank you. Good morning, Your Honor. This is Bob Klaw. I'm from Washington. Your Honor, I'm calling on behalf of the appellees in this case. Your Honor, is there jurisdiction here with this 1983 complaint? I think that the 1983 aspect of this case was waived, frankly. It was located in the complaint. Judge Rodriguez addressed it and the plaintiff didn't take any issue with that in his brief. So we're under the IDEA? Correct. Did you know what it was? Well, when we look at this, it strikes me as a bit strange because some of the things the statute seems to require in the complaint, there may well be situations where only the school district will know the answer to that. Did the school district better than the parents here would know why he was suspended? Well, I think that what this, the pleading requirements do is it allows the school district to understand their position on this. I mean, one of the things we have to understand here is that the requirement to plead facts with specificity is necessary. Where does it say that? Well, I'm characterizing it. Because there are some that say that he was suspended. Correct. But it specifies the nature, a description of the nature of the problem of the child relating to the proposed initiative of change, which would be the suspensions, including facts relating to such problem. Basically, what the school district has to do is they have to take this thing and the understanding that there's multiple independent, individualized assessments that go into, you know, basically in dealing with all these students who come under, you know, the special requirements under the IDEA. But don't they get this and then go to the file and see what happened? Get more specifics? Is there control of the specifics of what happened? Certainly there's documentation. Part of the problem, part of the reason why I think that's laid out like it is, is because one of the things that has to be done by the local education agency in response is to submit within 10 days its own response. And that includes under the statute specifics, such as an explanation of why the agency proposed or refused to take the action raised in the complaint, a description of the other options that the IEP team considered and the reasons why those options were rejected, a description of each evaluation, procedure, assessment, record, or report, or report the agency used as a basis of the proposed or the factors that are relevant to the agency's proposal or refusal. So I didn't have enough information to do all those things. He is saying that the kid was improperly suspended for 10 days and for other days later that are listed after that, that they want a psychiatric evaluation, they want the school to properly address his drug dependency as a manifestation of the educational handicap in his IEP, they're concerned about the failure to evaluate him and provide him with a positive behavior plan. Why couldn't you respond to that and say these things don't work because? Well, I guess that's the point. The suspension in this case was as a result of a suspicion of drug use during school and a refusal then to comply with state law, which would have required a drug assessment that's required under state law and he refused to do that, which as a result... You mean he refused? The urine sample that he wouldn't provide, is that what you mean? I believe so, yeah. And at that point then there's, you know, the suspension. In other words, like this action, you know, was basically disciplined separate from, separate and apart from his previously known and discovered problems. Obviously the school knew all this, right? Because they took all these actions and they knew they had to do these things. Now, did the IEP team actually meet over this complaint? I don't know whether the IEP team met over this specific complaint because it was dismissed almost immediately. It was, you know, within a couple of days. So I don't know specifically, but I don't think so. Aren't they supposed to meet? The IEP team has met since then, you know, as did the student and the student's parents and they formulated a new plan. So there's a new plan now? There is. He's being educated in the Manatee Bridges program, which is sort of like a... Does that mean this is all work? Sort of like a mentoring program. What can we do now then if there's already, you know, a meeting, there's a new plan? What are we supposed to do? I'll be honest with you, I don't know. If there's a reversal here, you know, he's talking about remedial education for all time. It's also, you know, in that time he's been, you know, getting education. He attended Brookfield Academy for a while and like I said, he's now in the Manatee Bridges program and he has been since February of 2007. At one point it appeared as if we were under the impression at least that the student and his parents had basically abandoned the appeal because they were cooperating with the school district. We were all trying together to figure out a solution. All right, my question, why didn't you just sit down and meet and see what was wrong here? Well, we tried to and then there was, you know, because there was attorneys involved, it got to the point where... You're a lawyer, right? I wasn't the attorney. My understanding was that the student had called and contacted the school and they said, you know, we're not permitted to talk to you, you know, while this litigation is going on. And then there was invitations from the school district to start working things out and we're under the impression that the parents were told by their attorney not to, you know, cooperate so long as this is going on. And that's another thing. And this process is supposed to, it's designed to give the school district an opportunity to correct the shortcomings that are brought to their attention. And I think that the reason why it's requiring such specific facts and also specific resolution, and I would contest that what was put in these letters was a resolution as the statute intends. I mean, what the statute says is, you know, tell me what we can do. And it does. It has five things. It says here is what we propose. Well, but I don't think that it tied it into the facts that were already, that weren't set out. In other words, it maintained his current placement, provided him with a psychiatric evaluation to get at the drug dependency. But again, these all have to tie into... Is the only thing that's missing that he was suspended because there was suspicion that he was using drugs on the premises? No, I think that there was a lot missing. I mean, what was the emotional disturbance? How does that relate to the discipline that he was given? How would they know that? How would the parents know that as opposed to the school psychologist? Well, I think that the parents and, you know, basically what they're saying is that, put it this way, the IDEA, this regulation isn't there, this law isn't there, so the parents can just come in and say, I don't like the fact that my child was suspended for school for, you know, suspicion of drugs. And because he happens to fall under the IDEA, ha-ha, you can't suspend him, and you can't follow your normal regulations that are in place to protect not only this student but all the other students. What the IDEA says, if the parents can come in and say, you know, here's how this is connected to his educational disability, here's how the IDEA requirements need to be... Your standard disciplinary procedures have to be adjusted in order to meet this IDEA standard because they're related to this emotional disturbance. Isn't he saying that? One of the things that he's alleging is the failure to determine to address MSG's drug dependency as a manifestation of the educational handicap in his IEP and to seek correction for the IEP as a remedy. But he doesn't actually make that link. He doesn't show how or even assert that the, you know, emotional disturbance that he's been previously diagnosed with has any connection to drug dependency at all. And that's one of the missing things. I mean, the IEP team is going to come in and they're going to say, we don't see the connection, we don't know how this is connected. He reads from this, I could be wrong. He already has an IEP in place that does have the two connected, psychiatric problems and drug dependency. It looks like the IEP is already focused on those two areas of his behavior problems. Well, I think that the current IEP recognizes that he has a drug problem, but I don't believe the one that I have read doesn't make any connection between those. What happens after this? This is filed and then a response would be filed by the state? I'm sorry? By the state or the school district? Well, in this case it would have been by the local school. I think there is procedures whereby the state can come in if, you know, certain conditions arise. And then there's a hearing? There can be a hearing. Basically, and that's another point why the complaint has to be so specific. The statute actually gives the local agency an opportunity to resolve the complaint for the satisfaction of the parents within 30 days. If they don't, then at that point a hearing would take place. So in other words, the statute itself contemplates that the complaint will give the local school agency enough information to resolve the problem. And again, if this is reversed, then it goes down and we're already a year and a half later. I mean, my understanding is that he graduates this June, so it could be that this is all for naught. What's our standard? Do we defer to the? I think there is a modified deference standard that's set out in the opinion. I think a due regard for the ALJ's opinion is required.  Thank you. And just a brief follow-up that the law in regards to compensatory education goes beyond the student's eligibility, whether he graduated or he didn't graduate, number one. Number two, in hearing from the school, from Lenape, it's clear that from the complaint they knew they had sufficient notice of what the complaint was about. That they knew what was the nature of the discipline and they knew the reasons why. And they did all the disciplinary actions. They knew, it's clear they knew. They never came up here to the court and said we didn't know. They said they went into the, look at it outside the personal. Do you agree that the IEP team met after this complaint was filed? The IEP. And that they came up with a new plan? They did come up with a new plan. I represented that to the court in my opinion. Well, now, does the new plan address the complaints made here? No. Were the complaints, were they discussed at the IEP team meeting? In the subsequent plan, and there's a question, when the due process is pending, there are certain rules about further IEPs. But regardless of that, the concerns of the parents were not, as I said previously, are not adequately addressed in the current plan. He's in a half-day program and the level of educational services is not adequate. As far as you're concerned, the new plan doesn't address the parents' needs. It doesn't address the child's needs. So you would have the ability to file a complaint vis-a-vis that, correct? Correct. And this action is pending. So that could just, well, if this court allows it to be pending, then that would be brought into the picture of the whole issue. But, again, if the court looks at the Benton case, the way they analyzed the issue was in terms of what the school should have known from the complaint that that analysis wasn't done in our case. And clearly it was sufficient in this case that they knew about all these suspensions and why, and they wrote them up and they investigated them. And so they never made an allegation. We weren't sufficiently advised of what this complaint was about. We have no idea what it's about. Thank you. Thank you, Mr. Chairman. So we'll take the matter under advisement.